**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 14-24308-CIV-GAYLES/TURNOFF

YELLOW TELESCOPE, LLC,

    Plaintiff,

v.

TIMOTHY ROBERT MILLER, MD, INC.,
A MEDICAL CORPORATION,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court upon Defendant's Motion to Dismiss Complaint [ECF No. 8]. The Court has considered the parties' written submissions and applicable law. Based thereon, the Court denies the Motion to Dismiss.

**BACKGROUND** [1]

**I. The Contract**

On October 21, 2013, Defendant Timothy Robert Miller, MD, Inc. ("Defendant") entered into a five-year consulting contract with Yellow Telescope Medical whereby Yellow Telescope Medical agreed to assist Defendant in recruiting, training, and overseeing a practice manager for Defendant's medical office (the "Contract"). In return, Defendant agreed to pay Yellow Telescope Medical a base monthly fee of $3,900 for sixty months. On September 29, 2014, Defendant terminated the Contract and stopped making monthly payments. The balance on the Contract is $210,600.

---

[1] The Court takes the allegations from the First Amended Complaint [ECF No. 7] as true for purposes of the Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

**II. Relevant Contract Provisions**

Pursuant to Section 2(f) of the Contract:

If Miller fails to pay YT within thirty (30) days of the Base Monthly Fee . . . YT may cease to provide Services, and Miller shall be required to pay the past due amount as well as the Compensation due during the cessation of Services. If Miller fails to pay YT within sixty (60) days of Compensation being due, YT may terminate this Agreement and Miller shall pay YT the full Base Monthly Fee that would have been due throughout the remainder of the Term, including any past due amounts ("Full Term Compensation"). If Miller terminates this Agreement during the Term for any reason other than those provided in Section 2(c), Miller shall pay to YT the Full Term Compensation.

Contract at § 2(f).

The Contract contains a Limitation of Liability section which provides, in part:

Each party agrees that the other party's entire liability to such party for any cause of action arising out of or in connection with this Agreement, whether arising from contract, tort, negligence, or otherwise, regardless of the form, shall in the aggregate be limited to an amount equal to the fees paid or payable for the services provided in the twelve (12) month period preceding the event or circumstance giving rise to such liability. The limitations of liability set forth in this Section 6(c) are cumulative and not per-incident (i.e., the existence of two or more claims will not enlarge this limit.) Any payment due by Miller pursuant to Sections 2(f) and/or 6(d) shall be excluded from Miller's limitation of liability set forth herein.

Contract at § 6(d).

The Contract also specifies that Florida law shall govern all disputes, that legal actions shall only be brought in Miami-Dade County, and that the parties to the Contract accept the jurisdiction of Florida courts and waive any objections to venue. *See* Contract at §13.

2

### III. Procedural Background

On January 29, 2015, Plaintiff Yellow Telescope, LLC ("Plaintiff") filed its First Amended Complaint against Defendant alleging claims for (1) breach of contract, (2) unjust enrichment, and (3) quantum meruit.  [ECF No. 7].  On February 17, 2015, Defendant moved to dismiss arguing failure to state a claim, lack of subject matter and personal jurisdiction, and *forum non conveniens.*

## DISCUSSION

### Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant –unlawfully-harmed-me accusations." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).  To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).  When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true.  *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

**I. Signatories to the Contract**

Plaintiff's corporate name, as identified in the Complaint, is Yellow Telescope, LLC. However, Yellow Telescope Medical, LLC, is the named party to the Contract. Defendant argues that Plaintiff is not a signatory to the Contract and therefore cannot state a claim for breach of contract. The Court disagrees. In its Complaint, Plaintiff alleges that it entered into a contract with Defendant. [ECF No 7 at ¶ 7]. In response to the Motion to Dismiss, Plaintiff asserts that its use of the name Yellow Telescope Medical in the Contract was an error. Although there is a slight discrepancy between Plaintiff's name and the party named in the Contract, this is a factual dispute that cannot be resolved at this stage of the litigation. *See Careerfairs.com v. United Business Media LLC*, 838 F.Supp.2d 1316, 1320 n. 6 (S.D. Fla. 2011) (denying motion to dismiss because a "misnomer argument necessitates a factual determination" as to whether a party is bound to an agreement). Indeed "slight departures from the name used by the corporation, such as the omission of a part of its name or the inclusion of additional words, generally will not affect the validity of contracts or other business transactions as long as the identity of the corporation can be reasonably established from the evidence." *Presley v. Ponce Plaza Assoc.*, 723 So.2d 328, 330 (Fla. 3d DCA 1998) (citing 6 William Meade Fletcher et al., *Fletcher Cyclopedia of the Law of Private Corporations* § 2444, at 156-58 (perm.ed rev.vol. 1996)). Accordingly, the Court finds that Plaintiff, as the alleged signatory to the Contract, has adequately alleged its claim for breach of contract.

## II. Pleading in the Alternative

Defendant argues that Plaintiff's claims for unjust enrichment and quantum meruit fail because Plaintiff has an adequate remedy at law – as evidenced by its breach of contract claim. However, plaintiffs are not prohibited from filing claims in the alternative. *See Thunderware, Inc. v. Carnival, Corp.*, 954 F.Supp. 1562, 1565-66 (S.D. Fla. 1997). Accordingly, the Court finds that Plaintiff has adequately alleged its claims for unjust enrichment and quantum meruit in the alternative.

## III. Diversity Jurisdiction

Defendant also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court does not have subject matter jurisdiction over Plaintiff's claims. "Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (internal citations omitted). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiff alleges that this Court has diversity jurisdiction over its claims. Diversity jurisdiction is satisfied when there is (1) exceeds seventy-five thousand dollars ($75,000) in dispute and (2) diversity of citizenship between all named plaintiffs and defendants. 28 U.S.C. § 1332. It is undisputed that there is complete diversity of citizenship between Plaintiff and Defendant. Defendant, however, disputes that Plaintiff can establish the requisite amount in controversy. The Court disagrees.

Pursuant to Section 2(f) of the Contract, Defendant must pay the Full Term Compensation if Defendant terminates the Contract for any reason other than those set forth in Section 2(c). Based on the allegations in the First Amended Complaint, Defendant's termination falls squarely within Section 2(f). Therefore, Plaintiff is seeking the full term compensation – namely $210,600.

Defendant also asserts that Section 6(c) of the Contract limits each party's liability to an amount equal to the fees paid or payable for the services provided in the twelve month period preceding the event giving rise to the liability and that therefore Defendant's liability could not be more than $46,800. Defendant, however, ignores the last sentence of § 6(c) which provides that **[a]ny payment due by Miller pursuant to Sections 2(f) and/or 6(d) shall be excluded from Miller's limitation of liability set forth herein.** *See* Contract § 6(c) (emphasis added). Plaintiff alleges that Defendant owes Full Term Compensation pursuant to § 2(f), therefore the limitation of liability would not apply. As a result, the Court finds that Plaintiff has adequately alleged the requisite amount in controversy.

## IV. Personal Jurisdiction and Venue

Pursuant to Section 13 of the Contract, Defendant agreed to be subject to the jurisdiction of a court in Florida and waived any challenges to venue in Florida. *See* Contract at § 13. Based thereon, the Court finds Defendant's arguments regarding personal jurisdiction and venue are without merit. *See Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("[b]ecause the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."); *In re: Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Defendant also moves to dismiss based on the doctrine of *forum non conveniens*, arguing California is an adequate and available forum. Where, as here, the forum-selection clause is

mandatory, the Court only considers public interest factors when ruling on a motion to dismiss based on the doctrine of *forum non conveniens*. *See Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Texas,* 134 S.Ct. 568, 581–82 (2013). Indeed, "a district court may consider arguments about public-interest factors only," and "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 582. Based on this record, the Court finds the public interest weighs in favor of Plaintiff's selected forum. Accordingly, Defendant's motion to dismiss is without merit.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of September, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Turnoff
      All Counsel of Record